# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

STATE OF TENNESSEE, ex rel,  )
MARIE OSONG DAVIS,  )
               )
        Plaintiff/Appellant,  )  **Davidson Circuit No. 94R-462**
               )
VS.  )  **Appeal No. 01A01-9702-CV-00090**
               )
DAVID MATIKKE,  )
               )
        Defendant/Appellee.  )

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE
THE HONORABLE MURIEL ROBINSON, JUDGE

# FILED

**October 17, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**JOHN KNOX WALKUP**
**Attorney General & Reporter**
**KIMBERLY M. FRAYN**
**Assistant Attorney General**
Nashville, Tennessee
Attorneys for Appellant

**PAUL N. RUDOLPH**
Nashville, Tennessee
Attorney for Appellee

**REVERSED AND REMANDED**

                               **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

Plaintiff State of Tennessee, on behalf of Marie Osong Davis, appeals the trial court's order modifying the child support obligation of Defendant/Appellee David Matikke. The trial court's order of modification reduced Matikke's child support obligation from $580 per month to $342.33 per month. For the reasons hereinafter stated, we reverse the trial court's modification order and reinstate the trial court's previous order requiring Matikke to pay child support in the amount of $580 per month.

The trial court's original order resulted from a Maryland URESA[1] petition filed on behalf of Davis in April 1994. The petitioner sought an adjudication that Matikke was the father of Davis's minor child, Megan Ekwopi Osong, born April 8, 1989, as well as an order of child support. When subsequent genetic testing established a 99.32% probability of paternity, the trial court entered an order adjudicating Matikke to be Megan's father. Thereafter, Matikke agreed to pay child support for Megan in the amount of $580 per month. Per this agreement, in March 1996 the trial court entered an order requiring Matikke to pay $580 per month retroactive to February 9, 1996.

Five months later, in August 1996, Matikke filed a motion to reduce the amount of child support previously established in the agreed order entered by the trial court. As grounds therefor, Matikke alleged that he had filed a divorce action against his wife in July 1996; that Matikke and his wife had three minor children, all of whom were older than Megan; that Matikke desired to provide for the support of Megan and the three minor children of his marriage; and, finally, that a strict application of the Tennessee Child Support Guidelines would work "a serious inequity and disadvantage for the three children" of Matikke's marriage.

The trial court granted Matikke's motion and entered an order modifying the previous order of child support entered in March 1996. In support of its decision, the trial court reasoned that:

---

[1]Uniform Reciprocal Enforcement of Support Act. For Tennessee's current version of the Act, see T.C.A. §§ 36-5-201 to -229 (1996).

> 4.      The parties to the Divorce action [Matikke and his wife] and their three minor children comprise the primary family unit.
>
> . . . .
>
> 6.      The court heretofore [in the divorce action] ordered [Matikke] to pay child support to [his wife] in the amount of 41% of [Matikke's] net monthly income, or $1,133 per month.
>
> 7.      The child for whom [Matikke] is obligated to pay child support in this action is not a member of the primary family unit.
>
> 8.      The paramount interest of preserving the primary family unit requires that the amount of child support to be paid for the benefit of a child who is not a member of the primary family unit be calculated by applying the appropriate percentage of the child support obligor's net monthly income after deduction of the amount of child support being paid for the benefit of the primary family unit.

In calculating Matikke's modified child support obligation for Megan, the trial court reduced Matikke's net income of $2,763 by $1,133, the amount of support Matikke was ordered to pay for the marriage's three minor children. From Matikke's remaining net income of $1,630, the trial court ordered Matikke to pay twenty-one percent (21%), or $342.33, as support for Megan. The trial court's order of modification was entered on September 11, 1996, two days after entry of the pendente lite support order in the divorce action.

On appeal, the State contends that the trial court erred in modifying its previous order of support entered on behalf of Megan based on the pendente lite order of support subsequently entered in Matikke's divorce action. We agree because, while the trial court was required to consider the previous order of support for Megan in establishing Matikke's child support obligation in the divorce proceeding, the trial court's subsequent pendente lite order entered in the divorce action was an improper basis upon which to modify the prior support order for Megan.

In establishing a parent's child support obligation, the trial court is required to consider previous orders of support for the obligor's other children. Specifically,

3

Tennessee's Child Support Guidelines require the trial court, in determining the obligor's net income from which child support is calculated, to subtract "the amount of child support ordered pursuant to a previous order of child support for other children." Tenn. Comp. R. & Regs. tit. 1240, ch. 2-4-.03(4) (amended 1994) (emphasis added).

In construing this provision of the Guidelines, this court has held that, in order for a prior support obligation to constitute a "previous order," the obligor "must be both ordered by a court and actually paying" child support pursuant to that order. Boyd v. Boyd, No. 02A01-9210-CH-00294, 1993 WL 8379, at *1 (Tenn. App. Jan. 20, 1993); accord Kirchner v. Pritchett, No. 01A01-9503-JV-00092, 1995 WL 714279, at *5 (Tenn. App. Dec. 6, 1995) (obligor's net income may not be reduced by payments for support of other children unless payments are being made pursuant to court order). The requirement of a previous court order "insures the awarding court that the obligor is legally liable for the amount of child support claimed as a deduction." Tower v. Tower, No. 02A01-9407-CV-00170, 1995 WL 650131, at *9 (Tenn. App. Nov. 3, 1995).

Although the Guidelines do not define what is meant by a "previous order," generally accepted definitions for "previous" include "[a]ntecedent; prior; before" and "going before in time or order." Black's Law Dictionary 1070 (5th ed. 1979); Webster's Ninth New Collegiate Dictionary 933 (1990). Applying these definitions, we conclude that, for purposes of calculating Matikke's child support obligation under the Guidelines, the only "previous" order that the trial court properly could consider was the initial order of March 1996 establishing Matikke's child support obligation for Megan. This March 1996 order clearly preceded the September 1996 pendente lite order for Matikke's other three children.

The plain import of the Guidelines' language is that, in calculating the amount of child support to be ordered in Matikke's divorce action in September 1996, the trial court was required to consider its previous order of child support for Megan entered in March 1996. Instead, the trial court calculated Matikke's child support obligation in the divorce

4

action as if the March 1996 order for Megan did not exist. The trial court compounded its error by then using the incorrectly calculated support obligation in its pendente lite order from the divorce proceeding to justify modifying Megan's child support award. In this regard, we reject Matikke's contention that, because the order modifying child support for Megan was entered subsequent to the pendente lite order, the pendente lite order somehow qualified as a "previous" order. We are particularly reluctant to adopt such a strained construction in the present case, where the trial court failed to comply with the Guidelines when it calculated the pendente lite award.[2]

In reviewing the Child Support Guidelines, we can find nothing therein which would support the trial court's modification of Megan's previous support order based on a subsequent support order for other children. Moreover, we find nothing in the language of the Guidelines to support the position that, in establishing child support obligations, trial courts should give preference to children belonging to the obligor's "primary family unit."[3] If anything, the Guidelines express a preference for children for whom a child support order is established first in time, regardless of whether the child was the product of a valid marriage or whether the child ever resided with the obligor. We recognize that this preference may work to the detriment of children for whom a subsequent order of child support is entered. We believe, however, that this is an argument more appropriately addressed to the General Assembly or to the Department of Human Services, the entity responsible for promulgating the Child Support Guidelines.[4]

The trial court's order modifying child support is hereby reversed, and this cause is remanded for reinstatement of the trial court's previous order of support entered in March

---

[2]We recognize that the September 1996 pendente lite order is not the subject of this appeal. In addressing the propriety of the pendente lite order, however, we note that neither the State nor Davis were a party to the divorce action and, thus, had no standing to appeal the pendente lite order.

[3]We also question the trial court's stated goal of "preserving the primary family unit," inasmuch as it appears that the purpose of Matikke's divorce petition is just the opposite.

[4]In amending the Child Support Guidelines in December 1994, for example, the Department of Human Services responded to criticism of the October 1989 version by clarifying some of the Guidelines provisions. See Kirchner v. Pritchett, No. 01A01-9503-JV-00092, 1995 WL 714279, at *5 n.5 (Tenn. App. Dec. 6, 1995).

1996 and for any further proceedings consistent with this opinion.  Costs of this appeal are taxed to Appellee, for which execution may issue if necessary.

_____
_____HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.